## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## 1:20-cv-00203-WCM

| | | |
|---|---|---|
| LINDA ALLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ANDREW SAUL, | ) | |
| Acting Commissioner of the Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on Plaintiff's Petition for Attorney Fees Under the Equal Access to Justice Act 28 U.S.C. § 2412 (the "Motion," Doc. 21).

Under the Equal Access to Justice Act ("EAJA"), the Court must award attorney's fees to a prevailing party (other than the United States) in a civil action brought against the United States unless the Court finds that the Government's position was "substantially justified" or that "special circumstances" would make such an award unjust. 28 U.S.C. § 2412(d)(1)(A). Because the Court ordered that this case be remanded to the Social Security Administration, Plaintiff is properly considered a "prevailing party" in this action. See Shalala v. Schaefer, 509 U.S. 292, 302, 113 S.Ct. 2625, 2635, 125 L.Ed.2d 239 (1993); Docs. 19 & 20.

An award of attorney's fees under the EAJA must be "reasonable." 28

1

U.S.C. § 2412(A). It is within the Court's discretion to award attorney's fees above the statutory hourly rate. See Payne v. Sullivan, 977 F.2d 900, 903 (4th Cir. 1992).

The Motion indicates that the parties have agreed that Plaintiff should be awarded $4,350.00 in attorney's fees for 22.5 hours of attorney work, Doc. 21 at 3; Doc. 21-1, which translates into a fee of $193.33 an hour. Courts in this district have approved similar rates. See Ashcraft v. Berryhill, No. 3:13-CV-00417-RLV-DCK, 2017 WL 2273155, at *1 (W.D.N.C. May 24, 2017) ("Plaintiff is entitled to an award of attorney's fees under the EAJA at the requested rate of $189.87 per hour"); Stacy v. Saul, No. 3:18-cv-279-MR-WCM, Doc. 24 (Jan. 29, 2020), United States District Court, Western District of North Carolina, Charlotte Division (allowing hourly rates of $201.58 for work performed in 2018 and $205.23 for work performed in 2019). Plaintiff's counsel has also submitted a summary of time spent on this civil action. Doc. 21-1. After review and consideration of the Motion, supporting documents, and applicable authority, the Court finds that the amount sought is reasonable.

**IT IS THEREFORE ORDERED THAT:**

(1)     Plaintiff's Petition for Attorney Fees Under the Equal Access to Justice Act 28 U.S.C. § 2412 (Doc. 21) is **GRANTED** and

a. Plaintiff is awarded attorney's fees in the amount of $4,350.00 ("Fee Award").

(2)　As EAJA fees belong to the litigant and are subject to offset under the Treasury Offset Program, <u>see</u> <u>Astrue v. Ratliff</u>, 560 U.S. 586, 589 (2010), the Fee Award shall be paid by Defendant as follows:

    a. If Plaintiff has federal debt registered with the Department of the Treasury that may be offset by the Fee Award, such amount of the Fee Award as is necessary to satisfy Plaintiff's federal debt shall be so used, up to and including the entire amount of the Fee Award.

    b. The remaining balance of the Fee Award after application of the offset, if any, described above shall be delivered by Defendant to Plaintiff's counsel on behalf of Plaintiff.

Signed: July 2, 2021

W. Carleton Metcalf
United States Magistrate Judge